# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

KIM THOMPSON,

    Plaintiff,

v.

ARAMARK CORPORATION, ARAMARK SCHOOL SUPPORT SERVICES, INC., ARAMARK EDUCATIONAL SERVICES, INC. ARAMARK SERVICES, INC., ARAMARK SCHOOLS, INC. and BENTON HARBOR AREA SCHOOLS,

    Defendants.

Case No. 1:04-CV-0339
Hon. Robert Holmes Bell
Chief, U.S. District Judge

Berrien Case No. 04 3169 CZ-M
Hon. Paul L. Maloney

---

**Christopher S. Varjabedian, P.C.**
Christopher S. Varjabedian (P34744)
29777 Telegraph Road
Suite 2175
Southfield, Michigan 48034
(248) 355-0000

**Butzel Long, P.C.**
Rosalie B. Harrison (P56531)
Carrie S. Bryant (P60100)
150 W. Jefferson Avenue
Suite 100
Detroit, MI 48226
(313) 225-7000

---

## NOTICE OF REMOVAL

TO:

The Judges of the United States District Court for the Western District of Michigan
399 Federal Building
110 Michigan, N.W.
Grand Rapids, MI 49503

Christopher S. Varjabedian (P34744)
29777 Telegraph Road
Suite 2175
Southfield, Michigan 48034

Clerk of the Court
Berrien County Circuit Court
811 Port Street
St. Joseph, MI 49085-1187

Defendants ARAMARK Corporation, ARAMARK School Support Services, Inc., ARAMARK Educational Services, Inc., ARAMARK Services, Inc., ARAMARK Schools, Inc. (collectively "defendants ARAMARK"), a Delaware corporation, pursuant to 28 U.S.C. § 1332, 1441 and 1446, removes the above-entitled matter from the Circuit Court for the County of Berrien, State of Michigan, to the United States District Court for the Western District of Michigan, and expressly reserving all questions other than that of removal, states in support of this removal the following:

1.  On or about April 19, 2004, a civil action captioned <u>Kim Thompson v. ARAMARK</u>, et al., was filed in the Circuit Court for the County of Berrien, State of Michigan and was assigned Case No. 04-3169-CZ-M. A Summons and Complaint were served on defendants ARAMARK's certified agent in the State of Michigan, i.e., CT System, via certified mail on April 23, 2004. A copy of the Complaint and Summons are attached at **Tab 1**, and by reference are made a part of this Notice, which constitutes all process, pleadings, and orders served upon defendants ARAMARK in this action.

2.  This Notice of Removal is being filed within thirty (30) days after receipt of the Complaint by defendants ARAMARK.

3.  To the best of defendants ARAMARK's knowledge, this action is a civil action in which plaintiff seeks to recover damages from her employer, which is an ARAMARK defendant, for injuries allegedly incurred as a result of violations of the Michigan Whistleblowers' Protection Act, MCLA 15.361 *et seq.*

4.  This action is removable to this Court by defendants ARAMARK pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the basis of diversity of

citizenship jurisdiction, because none of the parties in interest *properly joined* and served as defendants is a citizen of the State of Michigan:

    (a)    At the time of the commencement of this action, defendants ARAMARK were and still are Delaware corporations, with their principal places of business in the State of Pennsylvania. Defendants ARAMARK are thus citizens of the State of Delaware and/or Pennsylvania for purposes of removal jurisdiction, and are not citizens of the State of Michigan by reason of either their incorporation or principal place of business. 28 U.S.C. § 1332(c).

    (b)    At the time of the commencement of this action, upon information and belief, defendant Benton Harbor Area Schools was and still is a Michigan corporation, with its principal place of business in the State of Michigan, and is a citizen of Michigan. **However, defendant Benton Harbor Area Schools has been fraudulently joined "for the sole purpose of defeating federal jurisdiction." Fletcher v. Advo Systems, Inc., 616 F.Supp. 1511, 1515 (E.D. Mich. 1985) (stating that a litigant who is not a real party in interest may be disregarded in ascertaining jurisdiction).** Michigan's Whistleblower Protection Act provides for a private cause of action by an employee against his/her employer. Under the Whistleblowers' Protection Act, "employer" means, in pertinent part, "a person who has 1 or more employees." MCLA 15.361(b). Under the Act, "employee" means, in pertinent part, "a person who performs a service for wages or other remuneration under a contract of hire, written or oral, express or implied." At all relevant times, plaintiff was the employee of defendants ARAMARK, not Defendant Benton Harbor Area Schools. At all relevant times, Plaintiff's wages were paid by defendants ARAMARK, not Defendant Benton Harbor Area Schools. Further, in Plaintiff's Complaint, she alleges that she was suspended in violation of the Whistleblower Act by her supervisor Jay Haynes. **See Complaint at Tab 1.** Jay Haynes is an employee of defendants ARAMARK, not Defendant Benton Harbor Area Schools. Finally, prior to filing this Notice of Removal and in a good faith attempt to assess the grounds for removal, defendants ARAMARK sought input from plaintiff and her counsel seeking a statement of her basis for naming Benton Harbor Area Schools as a defendant. **See Harrison 5/13/04 Letter at Tab 2.** Plaintiff did not respond to this request, and defendants ARAMARK are, in good faith, unaware of any basis for plaintiff to name defendant Benton Harbor Area Schools. For these reasons, Defendant Benton Harbor Area

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

3

Schools is not a proper defendant in this matter and was fraudulently joined.

(c) Upon information and belief, plaintiff at the time of commencement of this action, was and still is, a citizen of the County of Berrien, State of Michigan, but in no event was or is plaintiff a citizen of the States of Delaware and/or Pennsylvania.

5. In addition, this action is removable to this Court by defendants ARAMARK pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the basis of diversity of citizenship jurisdiction, because Plaintiff satisfies the amount in controversy requirement:

Although Plaintiff does not allege a specific amount in controversy in her Complaint, Defendant asserts that, subject to a preponderance of the evidence standard, the amount in controversy exceeds $75,000. It is "more likely than not," Gafford v. General Electric Co., 997 F.2d 150, 158 (6th Cir. 1993) that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, because plaintiff has in her Complaint specifically asked for compensatory damages, exemplary damages, judgment for lost wages, past and future, lost fringe and pension benefits, past and future and attorney fees. see Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1168-69 (6th Cir. 1975) (statutory attorneys' fees can be considered in determining amount in controversy). In addition, on May 13, 2004, defendants ARAMARK sent Plaintiff's counsel correspondence seeking a stipulation that the amount in controversy did not exceed $75,000, and advising plaintiff that defendants ARAMARK would assume that Plaintiff sought damages in excess of $75,000 if Plaintiff failed to respond. **See Harrison 5/13/04 Letter Tab 2.** At the time of the filing of this Notice of Removal, defendants ARAMARK have not received a response to their May 13, 2004 correspondence to Plaintiff. On the basis of the foregoing, defendants ARAMARK assert a good-faith belief that the amount in controversy in this matter exceeds $75,000.

6. This suit is removable to this Court under and by virtue of the provisions of 28 U.S.C. §§ 1332 and 1441, et seq., and defendants ARAMARK are desirous of removing the matter to this Court.

7. Written notice of the filing of the Notice of Removal is being served on Plaintiff's counsel this date.

8. A copy of this Notice of Removal is being filed with the State of Michigan Circuit Court of the County of Berrien this date via a Notice of Filing Notice of Removal.

WHEREFORE, defendants ARAMARK give notice that the above-entitled action is removed to this, the United States District Court for the Western District of Michigan, in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

**BUTZEL LONG**

By: *[signature]*
Rosalie B. Harrison (P56531)
Carrie S. Bryant (P60100)
150 W. Jefferson, Suite 100
Detroit, Michigan 48226
(313) 225-7000

**Attorneys for Defendants ARAMARK**

Dated: May 20, 2004
666310

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS