UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM THOMPSON,

        Plaintiff,

                                  File No.  1:04-CV-339

v.

                                HON. ROBERT HOLMES BELL

ARAMARK SCHOOL SUPPORT
SERVICES, INC.,

        Defendant.
                                         /

**MEMORANDUM OPINION AND ORDER REGARDING THE
EXPERT WITNESS EVIDENCE OF PEGGY BRADY**

      This matter is before the Court on Defendant Aramark School Support Services Inc.'s renewed motion in limine to exclude the expert witness evidence of Dr. Peggy Brady.[1] (Dkt. No. 126.)  Plaintiff Kim Thompson intends to offer the testimony of Dr. Brady as to the laws and regulations governing the food service industry, "the condition of Benton Harbor High School food preparation areas and whether it was objectively reasonable for Kim Thompson

---

[1] Defendant originally filed a motion in limine to exclude the expert testimony of Dr. Peggy Brady on July 12, 2005. (Dkt. No. 76.)  On November 8, 2005, the Court granted summary judgment for Defendant and denied the motion in limine as moot, in consideration of the grant of summary judgment. (Dkt. No. 96.)  On June 21, 2007, the Sixth Circuit vacated the judgment that the Court had entered on November 8, 2005, and remanded the case for further proceedings.  Defendant filed the renewed motion in limine on November 14, 2007.  The Court heard oral argument on this motion as part of the final pretrial conference on November 19, 2007.  Plaintiff filed a written response to the renewed motion on November 26, 2007.  (Dkt. No. 131.)

to believe that violations(s) of a law or regulation had occurred."  (Dkt. No. 130, Pretrial Order 10.)  Defendant moves to exclude Dr. Brady's testimony for the following reasons: irrelevance, unfair prejudice, unreliability, failure to render an opinion, lack of expertise in food service operations, and her testimony goes to the ultimate issue.  For the following reasons, Defendant's motion is denied.

On the question relevance, expert testimony is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue . . . ."  Fed. R. Evid. 702.  In order to prevail on her claim under the Whistleblowers' Protection Act Plaintiff must have reasonably believed that a violation of a law or regulation had occurred, though, it is not necessary that a violation actually occurred.  M.C.L. § 15.362;  *Melchi v. Burns Int'l Sec. Servs., Inc.*, 597 F. Supp. 575, 583-84 (E.D. Mich. 1984);  Mich. Model Civil Jury Instr. 107.04.  Dr. Brady's testimony may assist the jury in determining whether Plaintiff reasonably believed that Defendant had violated the law; therefore, Dr. Brady's testimony is relevant.

Defendant's unfair prejudice argument is premised on the alleged unreliability of Dr. Brady's testimony, so the Court will address these arguments together.  Federal Rule of Evidence 702 requires that an expert's testimony be "based upon sufficient facts or data . . . ."  Fed. R. Evid. 702.  Plaintiff contends that Dr. Brady engaged in an insufficient investigation in order to render an opinion.  Dr. Brady's expert opinion is based on information provided by Plaintiff's prior counsel, pictures taken by Plaintiff, reports from

2

the Berrien County Health Department, and the deposition of Pamela Hunt, the Food Service Manager at Benton Harbor High School.  (Def.'s Renewed Mot. in Limine, Ex. B, Brady Dep. 46:21-48:24;  Dkt. No. 90, Pl.'s Resp., Ex D., Brady Aff. ¶ 4.)  The Court finds that Dr. Brady has reviewed sufficient materials to comply with the requirement of Rule 702, thus her opinion is based upon sufficient facts or data.  This finding does not preclude Defendant from exploring the scope Dr. Brady's investigation on cross-examination.

Defendant next contends that Dr. Brady's testimony is inadmissible because she did not render an opinion. Defendant directs the Court to the following portion of Dr. Brady's deposition:

> Q. How would you describe the process that you took in this case and your use of your background to come up with the opinion?
>
> A. Well, that's just it.  I don't think that I really came up with an opinion. I just stated fact more than anything.

(Brady Dep. 45:16-19.)  The Magistrate Judge addressed this contention in a memorandum opinion issued on April 7, 2005, and the Magistrate Judge concluded that Dr. Brady had reached an opinion within the meaning of Rule 702.  (Dkt. No. 51, Apr. 7, 2005 Mem. Op. 4-5.) Federal Rule of Civil Procedure 72 requires that objections to a magistrate judge's order be filed within ten days of when the objecting party was served with the magistrate judge's order.  Fed. R. Civ. P. 72(a).  Defendant did not file an objection to the Magistrate Judge's report within ten days of April 7, 2005.  Therefore, Defendant is barred for re-

arguing this issue. Even if Defendant had timely objected to the Magistrate Judge's opinion, the Court concludes that the Magistrate Judge reached the correct conclusion on this issue.

Defendant next contends that Dr. Brady lacks expertise in food service operations. Defendant contends that Dr. Brady lacks the relevant expertise because she never worked in food service operation in her professional career, she does not have a background in pest control, and has never been on a health inspection. (Brady Dep. 18:11-13, 18:19-22, 39:10-20, 48:13-15, 48:25-49:25, 66:12-25.) Dr. Brady is a board certified industrial hygienist and her expertise is in industrial health evaluations. ( Pl.'s Resp., Ex. A, Brady Curriculum Vitae;  Brady Dep. 29:3-23.)  In consideration of Dr. Brady's qualifications and areas of expertise, Plaintiff has made a showing that Dr. Brady has the academic qualifications to testify as to Michigan food law, health concerns, and food safety.

Defendant next contends that Dr. Brady will testify as to the ultimate issue of whether Plaintiff engaged in protected activity. "[T]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704. Based on Dr. Brady's report and deposition she will not be testifying as to whether Plaintiff's conduct was protected activity. Rather, Dr. Brady will be testifying to the more limited question of whether there were unsanitary conditions at Benton Harbor High School. Thus, under Rule 704 Dr. Brady's testimony is admissible.

It is the Court's understanding that Plaintiff will be offering Dr. Brady's testimony for the limited question of whether there were unsanitary conditions at Benton Harbor High School and not as to whether Plaintiff's conduct constituted "protected activity."  Subject to that understanding,

**IT IS HEREBY ORDERED** that Defendant's renewed motion in limine to exclude the expert witness evidence of Peggy Brady (Dkt. No. 126) is **DENIED**.

Date:     November 29, 2007            /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE